

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2008

# USA v. Istrefi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Istrefi" (2008). *2008 Decisions.* Paper 1147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1166

———————

UNITED STATES OF AMERICA

v.

FAIK MUSA ISTREFI

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 01-cr-00303-1)
District Judge:  Hon. James M. Munley

———————

Submitted under Third Circuit LAR 34.1 (a)
on March 4, 2008

Before: SCIRICA, Chief Judge, FISHER and ROTH, Circuit Judges

(Opinion filed May 23, 2008)

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

Faik Musa Istrefi appeals the judgment of sentence imposed on him by the United States District Court for the Middle District of Pennsylvania. The only issue on appeal is the reasonableness of the sentence. For the reasons set forth below, we will affirm the judgment of the District Court.

## I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

Istrefi pled guilty to all but one of the counts in a fifty-six count indictment, charging him with conspiracy to violate the Racketeer Influenced Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d), conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 826, conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), conspiracy to traffic in stolen vehicles and to commit mail fraud in violation of 18 U.S.C. § 371, mail fraud, in violation of 18 U.S.C. § 1341, and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). The Presentence Investigation Report indicated an advisory sentencing range of 168 to 210 months in prison. On January 13, 2004, Istrefi was sentenced to 166 months in prison on each of counts 1, 2, and 55, and to 60 months in prison on each of the remaining counts, to run concurrently. Istrefi was also required to pay $5,400 in special assessments and $297,530.08 in restitution and to serve a five-year period of supervised release.

Istrefi appealed, and we remanded for re-sentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005). Before re-sentencing, the government filed a motion for downward departure based on Istrefi's substantial assistance and requested a departure in the range of twelve to eighteen months. Istrefi also filed a motion for downward departure based on his assistance to the government, his rehabilitation during his incarceration, the impact of his incarceration on his family, and the need to pay the court-ordered restitution and assessments. He requested a sentence of 121 to 151 months.

At re-sentencing, the District Court stated that it had reviewed Istrefi's motion and accompanying sentencing memorandum. Following statements by the government and Istrefi's counsel, who again requested a sentence of 121 to 151 months, the District Court stated:

> "In passing sentence on you, Mr. Istrefi, I have taken into consideration the entire case, the presentence investigation report, and all of the various filings that were made and the statements by the Government today and statements by your counsel . . . today, and her motion for downward departure and the reasons that she gave, as well as the Government's motion for downward departure.
>
> The sentence that I impose will satisfy the purposes set forth in 18 U.S.C. § 3553(a), which includes the necessity of deterrence and just punishment, promotion of respect for the law, protection of the public, and assurance of correctional treatment for the Defendant, and reflects full consideration of all the [§ 3553] factors, including the nature and seriousness of the offense, the history and characteristics of the Defendant, the kinds of sentences available, and the advisory sentencing range and policies prescribed by the United States Sentencing Commission."

3

The District Court agreed to the government's motion for downward departure. While acknowledging that Istrefi had made "great strides" and had a "wonderful family" that had "suffered" because of Istrefi's crimes, the District Court noted that Istrefi had committed "extremely serious" offenses. The District Court then sentenced Istrefi to 150 months in prison on counts 1, 2, and 55, and to 60 months in prison on each of the remaining counts, all sentences to be served concurrently. Istrefi was also required to pay $5,400 in special assessments and $297,699.08 in restitution and to serve a five-year period of supervised release. Istrefi did not object to either the District Court's failure to rule explicitly on his downward departure motion or to the court's purported failure to consider the § 3553 factors.

## II. Analysis

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Following *Booker*, we have held that district courts must follow a three-step sentencing process. *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). First, the district court must calculate the defendant's sentence under the Sentencing Guidelines, just as they would have before *Booker*. *Gunter*, 462 F.3d at 247. The district court must "'formally rul[e] on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account our Circuit's pre-*Booker* case law, which continues to have advisory force.'" *Id.* (quoting *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006)). Finally, the district court must

4

consider the relevant 18 U.S.C. § 3553 factors in setting the sentence. *Gunter*, 462 F.3d at

247.[1] Istrefi argues that the District Court failed to satisfy this process by failing to rule

formally on his downward departure motion and by failing to address and consider

sufficiently several of the § 3553(a) factors.

The government contends that, because the District Court's sentence was within the

range that Istrefi requested and apparently considered reasonable, any error in imposing that

sentence is an unreviewable invited error. *See United States v. Console*, 13 F.3d 641, 660

(3d Cir. 1993). However, even if Istrefi did not invite the errors he assigns to the sentence,

we find no plain error with respect to either of the claims he now raises.[2]

"Where a defendant demonstrates plain error affecting his substantial rights, we may

reverse where the fairness, integrity, or public reputation of judicial proceedings were

affected. . . . An error affects substantial rights when it is prejudicial and affects the outcome

of district court proceedings." *King*, 454 F.3d at 193 (internal quotation and citation

omitted).

---

[1]The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (B) deter criminal conduct; (C) protect the public; and (D) provide training and treatment for the defendant; (3) the kinds of sentences available; (4) the sentencing range under the Guidelines; (5) pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution.

[2]Because Istrefi did not object at sentencing to either of the actions he now claims were error, we review his claims for plain error. *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006).

We set forth the standard by which we review the reasonableness of a district court's sentence in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006):

> "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."

*Id.* at 329 (internal citations omitted).

The record in this case demonstrates that the District Court adequately considered the § 3553(a) factors in sentencing. We find no plain error in the District Court's determination of Istrefi's sentence.

While Istrefi correctly points out that the record reveals no formal ruling on his departure motion, we have continued to hold post-*Booker* that we "have no authority to review discretionary denials of departure motions in calculating sentencing ranges." *United States v. Jackson*, 467 F.3d 834, 839 (3d Cir. 2006). The record of the re-sentencing indicates that the District Court considered the grounds for departure advocated by Istrefi and understood that it had the discretion to depart on those grounds but chose not to depart beyond the Government's request due to the serious nature of the offense. As such, even if we had the authority to review the District Court's decision not to depart on those grounds, we find no plain error in the lack of an explicit ruling on Istrefi's motion.[3]

---

[3] Even if we found plain error with respect to either of Istrefi's claims, we would have difficulty concluding that he had been prejudiced by such error given that the term of

## III. **Conclusion**

For the reasons set forth above, we will **affirm** the judgment of the District Court.

---

imprisonment imposed was within the range that he himself requested.